368

KENNETH WALSH AND ELEANOR S. WALSH, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86014.   Promulgated August 23, 1938.

*Philip S. Mathews, Esq.*, and *L. S. Ackerman, Esq.*, for the petitioners.

*F. S. Gettle, Esq.*, for the respondent.

OPINION.

Harron: Kenneth Walsh, petitioner, alleges that the new partnership suffered a partial bad debt loss in 1933 when a compromise settlement of the Bachman debt was executed. It is alleged that a debt was ascertained to be partially worthless and charged off by the new partnership in accordance with the requirements of section 23 (j) of the Revenue Act of 1932. It is alleged in the petition that the Bachman debt amounted to $100,366.19 in 1932 (amount of a note of Bachman, $94,462.34, due November 30, 1933, plus accrued interest not proved). It is alleged in the petition that the partnership realized, under a compromise settlement agreement dated December 22, 1933, an aggregate amount of $23,475.05 (the amount of a new note, $14,850, plus the fair market values of Universal Consolidated Oil stock and a piece of real estate). It is then alleged that the loss to the partnership in 1933 was $76,891.15 and it is alleged that petitioner's share in this loss should be computed at not less than 24.75 percent and that his share in the loss is $19,032.16. We think all the allegations are in error. One error is as to what was realized from the settlement in 1933. Only $8,625.67 was realized. The $14,850 was a continuation of the debt.

The evidence in this proceeding suffers from the loss of the general ledger of the new partnership in which the capital accounts of the partners were kept. It is apparent that the adjustments referred to in paragraph 7 of the articles of partnership were not made until October 1931, ten months after the new partnership was formed. Whether or not the adjustments made then in the capital of the partnership constituted such reorganization as is referred to in article 604 of Regulations 77 [1] is not a question before us. Whether those adjustments determined the value of contributions of accounts to the partnership is not proved. However, we are satisfied that $70,410.51 of the Bachman debt was charged against the capital shares of the Barneson partners in 1931 when the Bachman accounts were written down to $27,641.

The Bachman accounts were transferred to the new partnership in 1930 and we believe that any loss from these accounts would be a loss

---

[1] Art. 604. *Readjustment of partnership interests.*—* * * Whenever a new partner is admitted to a partnership, or any existing partnership is reorganized, the facts as to such change or reorganization should be fully set forth in the next return of income, in order that the Commissioner may determine whether any gain or loss has been realized by any partner.

to the new partnership. The questions presented here are, first, whether petitioner participated in any loss in the Bachman accounts under the terms of the partnership agreement, particularly under paragraph 12 thereof; and, second, what the amount of the loss to the partnership was in the taxable year in the event any part of that loss fell on petitioner. There is also the question whether there was ascertainment and charge-off of the alleged loss in 1933 under the provisions of section 23 (j) of the Revenue Act of 1932. It is our opinion that no part of the Bachman loss was such partnership loss as petitioner could participate in under paragraph 12. Arriving at this conclusion, it is unnecessary to consider the other questions. However, so far as petitioner is concerned, his petition to this Board raised a claim that the partnership suffered a loss in an amount of $76,891.15 in 1933, part of which he claims as a deduction in his individual return. The burden of proof on petitioner is to prove that the partnership suffered a loss in the amount claimed in the pleadings and that the loss is within the provisions of section 23 (j) of the Revenue Act of 1932. We shall therefore consider the second question. .

The basis for gain or loss to the new partnership on the Bachman debt is the value thereof at the date of contribution to the partnership. *Helvering* v. *Walbridge*, 70 Fed. (2d) 683; *Edward B. Archbald*, 27 B. T. A. 837. What was the basic value? The value of this account in December 1930 may have been less than the debit balance shown in the account. Petitioner leaves us in doubt as to what was the value of the Bachman account as a contribution to partnership capital. In one argument petitioner contends that the October 1931 adjustments in capital were made pursuant to paragraph 7 of the partnership agreement. It would follow that the Bachman accounts were contributed to partnership capital at a value of $27,641. However, this is a value as of August 31, 1931, and not December 15, 1930. Petitioner passes over any recognition that under this argument the basis to the partnership for gain or loss on the Bachman accounts would be $27,641. The difficulty with this argument is that the write-downs in October 1931 were as of August 31, 1931, whereas the date of contribution to capital of accounts from old partnerships is December 15, 1930. Even so, the value arrived at as of August 31, 1931, is indicative that the Bachman accounts were contributed to the partnership at a value of less than the debit balances on December 15, 1930.

Petitioner takes as the basis for gain or loss to the partnership the amount of the November 1931 note of Bachman, $94,462. He claims a loss on that basis. He appears to believe that the charge-off of approximately $70,000 in 1931 has no bearing on the matter of what is the basis for gain or loss on the debt in question, and passes over the question of value at the date of contribution. In the last analysis the

petitioner makes only arguments and has failed to offer proof as to what the basis to the partnership is for the alleged loss. We hold that petitioner has failed to sustain the burden of proof upon him on this point.

It becomes unnecessary to consider another subsidiary question, namely, whether the Bachman debt was ascertained to be partially worthless and charged off in 1933 under the requirements of section 23 (j). We can not reach this point without proof of the basis for the alleged loss.

Not only is there failure of proof on the point of basis for loss to the partnership, but the evidence we do have indicates that the basis would be around $27,641 and not $94,462. It is a fair inference (although we believe it should not be necessary for us to make inferences) from the record, that the Bachman account was worth no more in December 1930 than it was in October 1931. The Bachmans did not furnish extra security for their debts in either October or November 1931. Prior to November 1931 the new partnership had already charged off on its books against the capital shares of the Barneson partners a loss of $70,410.51. Thereafter, in the agreement of November 30, 1931, the partnership agreed to accept, at any time within two years, one-half of $94,462, the debit balance of the account in the doubtful accounts ledger, in full payment of all claims. Finally, in December 1933 the partnership agreed with the Bachmans to cancel its claim to at least $70,986.67 of the *debit balance* of the memorandum account, approximately the same amount as had been charged off the general ledger in 1931. These debit balances in the ledger of doubtful accounts are not material. As far as we can judge, that ledger was a customer's ledger and the partnership for its own reasons had not told the Bachmans of the charge-off of about $70,000 of the debt in 1931 on the firm's general ledger. There appears to have been some trouble with the Bachmans as it appears that, even though the Bachman accounts had been taken out of the firm's assets in 1931 at least to the extent of about $70,000, the partnership still did not inform the Bachmans of this action. There is no evidence contrary to the above. Cf. *Hammerschmidt & Franzen Co.*, 12 B. T. A. 811.

We do not know how the Barneson partners reported in their returns in 1931, if they did, the charge-offs made against their capital in 1931. Their loss may have been one related to their capital contributions that could not have been determined until final liquidation of the new partnership, cf. *Helvering* v. *Walbridge, supra*, or they may have been entitled to a loss deduction in 1931. Cf. *Augustine M. Lloyd*, 15 B. T. A. 82. In any event, these questions are not before us for determination and, lacking better evidence, we can not find

as a fact what the basic value of the Bachman accounts for the purpose of gain or loss is. We do believe it evident, however, that petitioner's claim that a loss of about $76,800 was ascertained in 1933 involves a claim that would result in a double deduction, which may not be taken. See *Lederer* v. *Parrish*, 16 Fed. (2d) 928; *Ilfeld* v. *Hernandez*, 292 U. S. 62. We believe that the alleged loss in 1933 to the partnership could not be more than $4,165.33 ($27,641 less $14,850, new note, less payments on account of $8,625.67) although we do not decide the question whether a debt was ascertained to be partially worthless and charged off in 1933.

The chief question, whether Kenneth Walsh is entitled to deduct any part of the alleged Bachman debt loss, turns upon construction of paragraph 12 of the partnership agreement. The Bachman account was one covered by the indemnity of the Barneson partners to the partnership, Kenneth Walsh, and others. Counsel for petitioner argues that the indemnities in paragraph 12 were limited to adjustments in partners' capital contributions which might be made in accordance with paragraph 7 of the partnership agreement. There is nothing in the terms of the partnership agreement before us to support this argument. Whatever the capital contributions of each partner may have been under paragraph 7 (which we do not know), the terms of paragraph 12, which is not amended or changed, clearly cover any and all losses which the partnership might suffer from the described accounts contributed to the new partnership. If there was any loss in 1933 from the Bachman debt it was a loss to be borne by the Barneson partners under the terms of the indemnity set forth in paragraph 12.

The adjustments in capital made in 1931 may have been made pursuant to paragraph 7. They may have been made pursuant to paragraph 12. But we do think they could have been made under both paragraphs. Paragraph 7 relates to the capital *contribution* of each partner. Contributed capital consisted in part, at least, of accounts transferred from the old partnerships. Whatever was determined to be capital contribution under paragraph 7 would affect basis for gain or loss and therefore would affect the extent of losses to be borne by the respective partners under the indemnity provisions in paragraph 12. We believe paragraph 12 relates to losses from accounts after contribution and on the basis of contribution. We conclude that any loss that may have been sustained in 1933 from the Bachman accounts that were covered by the indemnity provision would fall on the Barneson partners and not on Kenneth Walsh, petitioner, to whom the indemnity ran. Petitioner has not introduced any evidence to show that, in spite of the indemnity provisions, any of the alleged loss would fall on him; i. e., he has not shown that the

Barneson partners were insolvent or that their capital shares in the partnership had been exhausted.

In the matter of sharing in profits and losses of a partnership, the partnership agreement is controlling. We are not referred to any local law to the contrary. See *Augustine M. Lloyd, supra*. Petitioner's counsel contend that petitioner is entitled to share in the alleged Bachman loss to the extent of 26.28 percent. That rate may be his share of losses from accounts not covered by the indemnity provision. But, under the terms of paragraph 12, petitioner was not entitled to deduct any part of the losses on the Bachman accounts, since he would never have to pay any part of those losses. See *Charles C. Hood*, 19 B. T. A. 962. We hold that petitioner is not entitled to the partial bad debt deduction claimed in the petition to this Board.

*Decision will be entered for the respondent.*

